THE MEDINA COUNTY MUTUAL FIRE INSURANCE COMPANY *v.* JEFFERSON PALM, ADMINISTRATOR OF FREDERICK BOLLMEYER, DECEASED, ET AL.

A decree, like a verdict, will not be set aside on the ground of an erroneous finding, unless it is clearly against the weight of the evidence, or clearly unsupported by it.

Where there is no evidence at all to support a decree, it will be reversed for that reason.

The decision in *Bollmeyer's Administrator* v. *The Medina Co. Mutual Fire Insurance Company*, 20 Ohio Rep. 529, is not entirely satisfactory.

BILL of review.    Reserved in Summit county.

*McClure & McKinney*, for complainants in review.

*Birchard & J. S. Ranney*, for Bollmeyer's administrator.

THURMAN, C. J.   This is a bill of review, praying a reversal of a decree pronounced by the late Court in Bank, upon a bill exhibited by Bollmeyer's administrator against the Insurance Company.   Most of the facts of the case are stated in the report of it, in 20 O. R. 529 ; though not very clearly.  ` The bill averred the making of a contract to insure Bollmeyer against loss by fire, a loss by that means, and a failure of the company to issue a policy pursuant to its contract ; and prayed for a decree for the amount of the loss covered by the contract.   The answer put in issue the making of the contract and the amount of the loss.   A replication was filed, and testimony taken.   The Court in Bank found for the complainant, and decreed that the company pay him $777, with costs of suit.

It is now assigned for error, that the court erred in rendering the decree, because :

1. There was no testimony before it showing the amount of the loss.

2. The testimony did not show the existence of the alleged contract.

We are clear that the decree must be reversed for the first of these reasons.   We hold to the doctrine that a decree, like a verdict, will not be set aside on the ground of an erroneous finding, unless it is clearly against the weight of the evidence, or clearly unsupported by it.   But here, there was no evidence at all of the value of the property destroyed ; so the decree is clearly unsupported.

As it is desired that, in the event of a reversal, the cause may be remanded, in order that further testimony may be taken, it is perhaps proper that we should not, at this time, pass conclusively upon the point made by the second assignment of error.   We will, therefore, merely say—for the information of the court below, and in order that it may not be concluded by the decision in 20 O. R.—that we are not entirely satisfied with that decision,

and think that the question whether a contract was made, binding on the company, is yet an open question.

RANNEY, J., having been of counsel in the original cause, did not sit.