### HINE, JR., *v.* HINE.

*Error proceedings—Reversal not warranted where ruling on testimony not prejudicial—Facts considered in weighing evidence—Judgment reversible if manifestly and palpably against weight of evidence—"Marriage" defined—Divorce—Party breaking marriage contract answerable to wronged party.*

1. Errors in admission and exclusion of testimony, to warrant reversal of judgment, must be prejudicial.

2. In weighing evidence of witnesses, court or jury may consider their means of knowledge, good intentions, and seeming honesty in light of all surrounding circumstances, including appearance of witnesses on stand and demeanor while giving testimony as reflecting on interest or lack of interest in outcome of case.

3. Appellate court will not set aside judgment on ground that it is manifestly against weight of evidence when evidence is only conflicting, or where there is any substantial evidence to support judgment, though judgment should be set aside if it is manifestly or palpably against evidence.

4. "Marriage" is a contract originating in law of nature, antecedent to all civil institutions and founded on mutual consent by persons of different sexes, with view to mutual comfort and support and for procreation of children.

5. As respects liability for alimony on divorce, contract of marriage cannot be broken and violated without person

doing so being called upon to answer for conduct to party to contract who has been wronged.

(Decided February 7, 1927.)

ERROR: Court of Appeals for Muskingum county.

*Mr. John C. Bassett,* for plaintiff in error.
*Messrs. Jones & Jones,* for defendant in error.

HOUCK, J. The errors complained of in this case occurred in the trial in the common pleas court in Muskingum county. The suit was one for divorce and alimony. The plaintiff in error was the defendant below.

The trial judge found in favor of the plaintiff in the lower court, the wife, Thelma Hine, and granted a divorce and awarded alimony to her in the sum of $1,000; also the care and custody of their child. To this judgment error is prosecuted, in which a reversal is urged upon two grounds:

(a) The admission of irrelevant and incompetent evidence.

(b) The judgment is against the manifest weight of the evidence.

The testimony embraces 70 pages of typewritten matter, which we have carefully read and given much consideration.

If the record is to be relied upon, the trial was one warmly contested from start to finish. Many objections to the admission and exclusion of testimony were made by counsel for the husband, and in many instances the court ruled against him. We find that counsel for the wife propounded quite a number of leading questions, which were objected to at the time. The court sustained some of these

objections, yet numerous answers to leading questions were permitted to remain.

However, upon the whole record, we do not find such errors in the admission and exclusion of testimony as would warrant a reversal of the judgment now under review. Errors, to warrant a reversal of a judgment, must be prejudicially so; and we do not find this after a careful reading and examination of the admitted testimony.

Is the judgment against the manifest weight of the evidence?

In weighing the evidence of witnesses, the court or jury properly may take into consideration their means of knowledge, their good intentions, and their seeming honesty, or lack of same, in the light of all the surrounding facts and circumstances in the case on trial; and in this connection the court or jury has the right to look at the appearance of the witnesses upon the stand, and their demeanor while giving testimony, as reflecting upon their interest or lack of interest in the outcome of the case.

We think the rule is well settled—at least in Ohio—that an appellate court will not set aside a judgment upon the ground that it is manifestly against the weight of the evidence, when it is only conflicting, or where there is any substantial evidence to support the judgment. However, a judgment should be set aside if it clearly appears that it is manifestly or palpably against the evidence.

The following authorities are directly in point:

*Josiah A. Landis* v. *James Kelly*, 27 Ohio St., 567:

"A finding and judgment will not be reversed, because that finding and judgment are contrary

to the evidence, unless they are clearly so; and the reviewing court will always hesitate to reverse where the doubt about the propriety of doing so arises from a manifest conflict in the oral testimony, as it appears on the record in the reviewing court.''

*Merrick* v. *Boury & Sons,* 4 Ohio St., 60:

''The findings of a court, when substituted for a jury, are entitled to the same consideration as the verdict of the latter; and it is well settled that a verdict will not be set aside, upon the ground of an erroneous finding, unless it is clear that such is the case.''

*Medina County Mut. Fire Ins. Co.* v. *Palm,* 5 Ohio St., 107:

''A decree, like a verdict, will not be set aside on the ground of an erroneous finding, unless it is clearly against the weight of the evidence, or clearly unsupported by it.''

The testimony offered in this case clearly and fully satisfies each of the members of this court that there is an abundance of evidence to sustain the judgment of the trial court.

It must be remembered that marriage is a contract having its origin in the law of nature, antecedent to all civil institutions, but adopted by all political society, and charged thereby with various and numerous civil and religious obligations. It is founded upon mutual consent, which is the essence of all contracts; and is entered into by two persons of different sexes, with a view to their mutual comfort and support, and for the procreation of children.

Hence, under the laws of our state, this contract cannot be broken and violated without the one

who does so being called upon to answer for such conduct, and, as far as possible, being compelled to answer to the party to the contract who has been wronged.

No error of a prejudicial nature is found in the record, and the judgment of the common pleas court should be affirmed.

*Judgment affirmed.*

SHIELDS and FUNK (of the Ninth Appellate District sitting in place of LEMERT, J.), JJ., concur.