## Smith v. Smith
## Case No. S-89-3
## Sandusky County (6th)
## Decided January 12, 1990
[Cite as 1 AOA 201]

This matter is before the court on appeal from a judgment of the Sandusky County Court of Common Pleas.

A complaint for divorce was filed by plaintiff-appellant, Kenneth R. Smith, against defendant-appellee, Valerie Smith, on October 23, 1984. A judgment entry of divorce was filed March 21, 1986. At appellee's request, this order was set aside on June 2, 1986, and a previous temporary order was reinstated.

On November 25, 1986, the trial court granted a Civ. R. 60(B) motion filed by appellant and reinstated its March entry of divorce. From this November entry, appellee filed a notice of appeal.

In a decision and journal entry dated March 20, 1987, this court affirmed in part and reversed in part. *Smith* v. *Smith* (Mar. 20, 1987), Sandusky App. No. S-86-21, unreported. The decision concerning the division of property was reversed and we ordered the trial court to enter "* * * a new decision after making findings as to the fair market value of each item of marital property." *Id.*

The trial court entered new findings and set forth its division of property in a judgment entry dated January 18, 1989. From this entry, appellant filed the instant appeal setting forth three assignments of error:

"1. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN AWARDING THE APPELLEE 'REHABILITATIVE AND SUSTENANCE' ALIMONY (1) WITHOUT STATING IN DETAIL THE BASIS FOR THE AWARD, (2) WITHOUT MAKING A SEPARATE DETERMINATION OF THE AMOUNT OF EACH FORM OF ALIMONY, AND (3) WITHOUT CONSIDERING THE APPELLEE'S NEEDS AND RESOURCES AFTER THE DIVISION OF MARITAL PROPERTY.

"2. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY AWARDING THE APPELLEE A LUMP SUM OF MONEY AFTER AWARDING HER ALIMONY AND MAKING A DIVISION OF MARITAL ASSETS WHERE THE TRIAL COURT'S ONLY BASIS FOR THE AWARD WAS 'TO EQUALIZE A DIVISION OF MARITAL ASSETS.'

"3. THE TRAIL [*sic*] COURT COMMITTED REVERSIBLE ERROR IN VALUING THE THE [*sic*] APPELLANT'S INTEREST IN HIS BUSINESS AT $140,000.00 WHERE THE FINDING WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

In his first assignment of error, appellant asserts that the trial court erred in awarding rehabilitative and sustenance alimony without stating the basis for each award. Appellant argues that the trial court should have set forth the amount of alimony allocated to each "category" and contends that the alimony award was determined prior to the division of property.

In is well-settled in Ohio that a trial court in any domestic relations action has broad discretion to do what is equitable under the

facts and circumstances of each case. *Cherry* v. *Cherry* (1981), 66 Ohio St. 2d 348, and *Blakemore* v. *Blakemore* (1983), 5 Ohio St. 3d 217. The trial court has extensive power to award alimony based on need. *Blakemore, supra,* at 218. Further, an appellate court may not substitute its judgment for that of the trial court. "The trial court's judgment cannot be disturbed on appeal absent a showing that the trial court abused its discretion." *Id.* (Citations omitted.)

> "'The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" *Id.* at 219. (Citations omitted.)

In *Holcomb* v. *Holcomb* (1989), 44 Ohio St. 3d 128, 131, the Supreme Court of Ohio stated:

> "The starting point for any court division of marital property or award of alimony is R.C. 3105.18 ***."

In relevant part, R.C. 3105.18 provides:

> "(A) In divorce, dissolution of marriage, or alimony proceedings, the court of common pleas may allow alimony it considers reasonable to either party. "The alimony may be allowed in real or personal property, or both, or by decreeing a sum of money, payable either in gross or by installments, as the court considers equitable.
> "(B) In determining whether alimony is necessary, and in determining the nature, amount, and manner of payment of alimony, the court shall consider all relevant factors, including, but not limited to ***."

Clearly, the statute authorizes an award of "alimony." There is no directive that the amount ordered be classified as to the reason for its award, its purpose or desired objectives. The trial court, after considering the factors set forth in R.C. 3105.18(B), may allow *alimony.* The court is not required to specify how the award may be categorized. Any details set forth in the order regarding the nature of the award should be construed as indicative of the trial court's intentions and may often be focused upon the *recipient's* future obligations.

In the case *sub judice,* the trial court stated:

> "The Court considered the provision of R.C. 3105,18(B) and finds that the defendant is in need of rehabilitative alimony for a limited period of time to secure gainful employment, and sustenance alimony to maintain a standard of living somewhat commensurate with the standard of living established by the parties during their marriage.

> "The Court therefore hereby orders and awards alimony to the defendant, subject to the continuing jurisdiction of the Court, in the sum of $300.00 per week, by wage assignment from plaintiff's employer, Crescent Manufacturing Co. Such alimony payments shall automatically terminate upon the defendant's death, remarriage, or entering into a "live-in relationship" with a male companion. Such alimony award may be brought before the Court at any time after January 1, 1990 for inquiry into the issue of whether defendant is making a good faith attempt to secure full-time employment; considering the length of time this case has been pending, the burden of proof will be upon defendant at such a hearing to prove that she has made a good faith attempt to secure full-time employment."

Based upon its analysis of the factors set forth in R.C. 3105.18(B), the trial court determined that appellee should receive alimony in the amount of $300 per week. The court stated its concern for the parties' disparate standards of living and, by setting forth the phrase "rehabilitative alimony," indicated that it had considered appellee's earning ability as a factor in making its award. See R.C. 3105.18(B)(1). Further, the court stated that the award could be reevaluated anytime after January 1, 1990, and specified that appellee would have the burden of proof regarding her efforts to secure employment. Accordingly, we do not find that the trial court erred or abused its discretion in failing to specify what amount of the award was "sustenance" and what amount was "rehabilitative."

Relying on *Kaechele* v. *Kaechele* (1988), 35 Ohio St. 3d 93, appellant argues that the trial court failed to set forth the basis for its award in sufficient detail to enable a reviewing court to determine that the award is fair, equitable

and in accordance with law. Our analysis of *Kaechele*, *supra*, as well as the instant judgment entry, indicates that the trial court has provided an adequate basis upon which we may evaluate its decision.

Contrary to the case *sub judice*, the trial court in *Kaechele* was confronted with a specific item (bonus payments) which the *Kaechele* court concluded had not been evaluated in sufficient detail. Without such detail, the court stated that it was impossible to determine whether the trial court considered the bonus a marital asset or income. The *Kaechele* court held:

> "*** [I]t is unclear whether the trial court gave weight to the bonus in making either its division of assets or its sustenance alimony award." *Id.* at 97.

In the case *sub judice*, the trial court clearly set forth its findings regarding the value of each marital asset, the disposition of those assets and the respective ages and incomes of the parties. On the basis of its determinations the trial court divided the marital property and awarded alimony. We find that the basis for each award was set forth in sufficient detail to allow for review by this court. Specifically, in decreeing a lump sum cash obligation of $40,500, the court stated that it ordered such payment "[i]n order to equalize a division of marital assets ***." The court ordered appellant to pay appellee's attorney $1,981.70 "*** to reimburse him for necessary expenses ***." The court stated that alimony was awarded in order to allow appellee "*** to secure gainful employment, and *** to maintain a standard of living somewhat commensurate with the standard of living established by the parties during their marriage."

Finally, appellant asserts that the trial court erroneously made its award of alimony prior to considering the division of marital property. Basing his "order" argument on *Kaechele*, *supra*, appellant contends that it must be clear from the record that alimony was awarded *after* any property division. In *Kaechele*, *supra*, at 95, the court stated:

> "In Ohio, alimony is comprised of two components: a division of marital assets and liabilities, and periodic payments for sustenance and support. *** After the division of property is made, the trial court may consider (1) whether an additional amount is needed for sustenance and (2) the duration of such necessity." (Citations omitted.)

Although appellant has correctly set forth the law of Ohio, we find that this portion of his argument is without merit. In its *judgment entry*, the trial court initially set forth its division of property and *then* awarded periodic alimony payments. Additionally, in the opening paragraph of its judgment entry, the court stated that it made "*** findings as to the fair market value of each item of marital property" and *then* "further considered" appellee's demand for sustenance alimony.

We find that appellant has failed to provide any support for his conclusion that the trial court made its awards in an improper order. Accordingly, we hold that the trial court did not abuse its discretion in setting forth the aforementioned periodic alimony award. For the aforestated reasons, we find appellant's first assignment of error not well-taken.

In his second assignment of error, appellant contends that the trial court erred in ordering a lump sum payment to appellee. Appellant argues that the lump sum award was unreasonable in that the court's only purpose for making the award was to equalize the value of the property division.

In *Berish* v. *Berish* (1982), 69 Ohio St. 2d 318, the Supreme Court of Ohio stated that the trial court had broad discretion in fashioning an equitable division of marital property. The trial court has "*** discretion to do what is equitable upon the facts and circumstances of each case." *Cherry*, *supra*, at 355.

> "In reviewing the equity of a division of property, one of the basic guidelines an appellate court is bound to follow is that the trial court's judgment cannot be disturbed on appeal absent a showing that the common pleas court abused its discretion in formulating its division of the marital assets and liabilities of the parties." *Martin* v. *Martin* (1985), 18 Ohio St. 3d 292, 294. (Citations omitted.)

The trial court's discretion, when appropriate, also extends to awarding sustenance alimony based on need. *Wolfe* v. *Wolfe* (1976), 46 Ohio St. 2d 399, 421.

In the case *sub judice*, the court found that the parties had total marital assets of $201,798. The court ordered each party to "retain the household goods and personal property in their

respective possession, including motor vehicles." Appellant was ordered to "retain his 401(K) plan, his life insurance policy, and his interest in Precision Machine & Tool Co." In total, appellant was ordered to retain assets valued at $151,979, appellee, $49,819.

As stated by appellant, the courts of Ohio have rejected a flat "equal-property-division rule." See *Cherry, supra.* Nevertheless, the courts have stated that "*** equal division should be the starting point of the trial court's analysis when it considers the factors listed in R.C. 3105.18 and all other relevant factors." *Kaechele, supra,* at 95. In the case *sub judice,* appellant clearly received the larger amount of marital assets, and it is apparent that the trial court awarded a lump sum judgment *and* sustenance alimony in order to achieve what it considered a fair and equitable resolution of this lengthy divorce action. Taking into account the totality of circumstances in this case, we do not find that the trial court's determination was arbitrary, unreasonable or unconscionable. Accordingly, we find appellant's second assignment of error not well-taken.

In his third assignment of error, appellant argues that the value attributed to his interest in Precision Machine & Toll Company ("Precision") was against the manifest weight of the evidence. Confronted with extensive evidence, the trial court placed a value of $140,000 on Precision. Appellant asserts that the trial court disregarded appellant's testimony, the testimony of two Precision employees, Precision's accountant, a used equipment dealer, and an independent accountant.

Our research discloses that the courts of Ohio have employed two different standards of review in evaluating the propriety of a trial court's property valuation in domestic relations cases: abuse of discretion and/or manifest weight. In *Moser* v. *Moser* (1982), 5 Ohio App. 3d 193, 195, the court reviewed the value attributed to a pension plan:

"We believe, however, that the trial court abused its discretion in determining that the present value of plaintiff's pension was only $14,000 and that said determination is against the manifest weight of the evidence."

The valuation of a pension fund was also reviewed in *Willis* v. *Willis* (1984), 19 Ohio App. 3d 45. In holding that the trial court was not permitted to omit valuation altogether, the court stated:

"A flat rule to determine value cannot be established as equity depends on the totality of the circumstances. *** However, the court does have broad discretion to develop some measure of value." *Id.* at 48.

In *Collier* v. *Collier* (1987) 36 Ohio App. 3d 130, the Crawford County Court of Appeals described the trial court's valuation of appellee's interest in a professional corporation as "unreasonable." The standard followed by the *Collier* court was "abuse of discretion"; however, its analysis was primarily focused on the *division* of property rather than its valuation.

In ascertaining whether the trial court abused its discretion in determining Precision's value, we are called upon to decide whether the court's attitude was "unreasonable, arbitrary or unconscionable." *Blakemore, supra,* at 219. On the contrary, we will not set aside the value assigned upon the grounds that it is manifestly against the weight of the evidence, when the evidence is only conflicting, or if "*** there is any substantial evidence to support the judgment." *Hine* v. *Hine* (1927), 25 Ohio App. 120, 122. The value assigned by the trial court "*** should be set aside if it clearly appears that it is manifestly or palpably against the evidence." *Id.*

The evidence presented in the instant case includes opinions regarding value as well as several formulas which could be used to determine value. Precision's accountant testified that the total assets of the business were $135,527.06 with liabilities of $100,180.46. The accountant testified that he had not determined a "market value" for Precision and stated that valuation of this type of business requires a highly specialized person. Patrick Haynes, an independent accountant testifying on behalf of appellee, valued Precision at between $35,000 and $259,000. Haynes stated that $170,000 would be the figure he would use if he was advising a client interested in buying or selling Precision. The formulas used by Haynes considered "good will" and the day-to-day value of Precision as an operating business entity.

The president of one of Precision's local competitors testified that he had "no opinion" as to what Precision was worth. Another witness set forth a list of what he would need to know before he could value the business. This

witness repeated Precision's "book value" of $35,346.60. An expert in the field of used machinery testified that, as of the date of valuation, Precision's equipment would have been worth approximately $50,195.

In view of the evidence presented, we have determined that assigning a value of $140,000 to Precision was not arbitrary or unreasonable. We also find that the value was supported by competent and credible testimony and, therefore, was not against the manifest weight of the evidence.

For the aforestated reasons, we find appellant's third assignment of error not well-taken.

On consideration whereof, the court finds substantial justice has been done the party complaining, and judgment of the Sandusky County Court of Common Pleas is affirmed. It is ordered that appellant pay the court costs of this appeal.

HANDWORK, P.J. and GLASSER, J., Concur.

ABOOD, J., Concurs in Judgment only.