OPINION
Appellant, Patricia Seciliot, appeals a judgment of the Court of Common Pleas of Union County, adopting a Magistrate's decision regarding both spousal support and a distributive award following her divorce from Appellee, Steven L. Seciliot. For the reasons that follow, we affirm in part and reverse in part the judgment of the trial court.
The parties were married on February 12, 1982, and have two children from the marriage: Paul Seciliot, born August 6, 1980 and Steven Seciliot, born November 4, 1984. Shortly after their marriage, Appellee formed a business known as European Auto Works, in which he performed service and repair on select foreign automobiles. During the parties' marriage, Appellee's business grew to be extremely lucrative and the parties were accustomed to a lavish standard of living.
Thereafter, on October 8, 1999, Appellant filed for divorce from Appellee. On March 26, 2000, the Magistrate issued a decision recommending the parties be granted the divorce on the grounds of incompatibility and that Appellee should be ordered to pay Appellant spousal support in the amount of one thousand dollars per month for a period of six months. The Magistrate also recommended a division of the marital property, awarding Appellee assets totaling $741,913.46 and awarding Appellant assets totaling $270,701.64. To compensate for the disparity in asset awards, the Magistrate recommended a distributive award in favor of Appellant in the amount of $235,605.91, payable by Appellee at the rate of two thousand dollars per month until satisfied.
Subsequently, on June 9, 2000, Appellant filed objections to the Magistrate's decision, arguing that the Magistrate erred in failing to provide for interest in the installment payments of the distributive award and in failing to provide for long term spousal support. On July 11, 2000, the trial court filed a journal entry, overruling Appellant's objections and adopting the Magistrate's decision in its entirety.
Appellant now appeals the July 11, 2000 entry of the trial court, assigning two errors for our review.
 Assignment of Error No. 1
The trial court erred in failing to provide for interest in the installment payment of the distribution award, thereby substantially reducing the actual value of the award.
In her first assignment of error, Appellant argues that the trial court should have awarded interest on the distributive award in order to compensate for the reduction in value of the delayed monetary payments. Appellant further argues that the loss in earning capacity of the distributive award is a significant diminution of the value of her share of the marital assets, which is inequitable without an adjustment for interest.
In determining whether the trial court erred in failing to award Appellant interest, the standard of review is abuse of discretion. Koegelv. Koegel (1982), 69 Ohio St.2d 355, 356. An abuse of discretion by the trial court "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
The Supreme Court of Ohio has previously addressed this issue, holding:
 Whether to award interest upon obligations arising out of the division of marital property is within the discretion of the trial court. (Cherry v. Cherry [1981], 66 Ohio St.2d 348, approved and followed.)
 Koegel, at the syllabus. In so holding, the Court recognized that "different facts and circumstances which each divorce case presents to a trial court requires that a trial judge be given wide latitude in dividing property between the parties." Id., at 357. Thus, "[a] property award without interest may sometimes be inequitable, but it is not always so." Id.
Although Appellant recognizes the standard set forth in Koegel, she urges us to follow the reasoning in a subsequent decision by this court in Collier v. Collier (1987), 36 Ohio App.3d 130. In Collier, the parties were divorced after fifteen and one-half years of marriage. At the time of the divorce, the husband was employed as an optometrist and was being paid an annual salary of $45,000. The husband also owned an undivided one-half interest in the building where his corporate employer carried on its business. Finally, the husband was participating in a pension plan and a profit-sharing plan, and had investments in a real estate partnership and various rental units. With the exception of three brief occasions, the wife was unemployed, remaining at home to care for the parties' children.
After totaling the parties' assets, the trial court ordered the husband to pay his wife $89,413 for her marital share of a professional corporation he was awarded. The court ordered the husband to pay this award in monthly installments of six hundred seventy four dollars over an eleven-year period, but did not award the wife any interest on the payments. On appeal, we found the trial court's failure to award interest on the award to be an abuse of discretion. Collier, supra, at 134.
In its journal entry, the trial court declined to follow Collier, finding the facts therein to be substantially different from the instant case. Additionally, the court held that were interest to be assessed as requested, Appellee's monthly payment of two thousand dollars would balloon to over double that amount and, as a result, Appellee would fall behind in his payments. The court also reasoned that after income taxes, spousal support payments and child support payments, Appellee would be left with very little income for himself. We disagree.
Initially, we fail to see how the facts in Collier are substantially different from the facts in the instant case. Additionally, we are not persuaded that Appellee would be left with very little income for himself after paying income taxes and the monthly child support, spousal support and distributive award payments.
The record, herein, does not demonstrate that Appellee was stripped of all his worldly possessions as a result of the parties' divorce. On the contrary, Appellee was awarded a home and condominium valued at $291,622.71, eight vehicles valued at $57,710.00, household goods valued at $63,209.00, bank accounts valued at $40,757.46, life insurance valued at $20,678.93, IRA contributions valued at $40,397.83, and his business valued at $236,207.00. Much of the assets awarded to Appellee are liquid in nature and, as such, are readily convertible to cash. Furthermore, the relatively brief period of spousal support and the remaining child support obligation are factors suggesting that in a very short period of time, Appellant would have ample resources to make such payments with interest. Thus, we do not agree with the trial court's reasoning that Appellee will suffer financial hardship should interest be imposed on the distributive award payments.
Additionally, if Appellee is required to pay Appellant the amount of two thousand dollars per month, it will take Appellant nearly ten years to recover the entire distributive award. During this time, Appellee will have the use of money and property that Appellant cannot use. Furthermore, the true value of the monthly payments decreases each succeeding month. See, Balog v. Balog (June 9, 1997), Warren App. Nos. CA96-08-077, CA96-08-081, CA96-09-086, unreported, at 11; Singer v.Singer (Apr. 23, 1987), Cuyahoga App. No. 52049, unreported, at 2. Moreover, we note that the trial court did not order a lump sum payment of the distributive award for the primary benefit of Appellant. See,Balog, supra, at 11. Finally, by spreading the distributive award over a number of years, Appellee has the opportunity to maintain his business and generate significant income for himself. See, Id.
Therefore, we find that the trial court abused its discretion in failing to provide for interest in the installment payments of the distributive award.
Accordingly, Appellant's first assignment of error is well taken and is therefore sustained.
 Assignment of Error No. 2
The trial court erred in limiting spousal support to six (6) months and failing to provide for long term spousal support in this case.
"As part of a divorce proceeding, a trial court has equitable authority to divide and distribute the marital estate, and then consider whether an award of sustenance alimony would be appropriate." Kunkle v. Kunkle
(1990), 51 Ohio St.3d 64, 67, citing Holcomb v. Holcomb (1989),44 Ohio St.3d 128. The trial court is granted broad discretion in deciding what is equitable depending on the facts and circumstances of the case and a reviewing court cannot substitute its judgment for that of the trial court unless, under the totality of the circumstances, the trial court abused its discretion. Kunkle, at 67.
The authority to award sustenance alimony, which consists of the division of marital assets, liabilities and spousal support, is derived from R.C. 3105.18(A), (B). Kunkle, at 67. Additionally, R.C. 3105.18(C)(1) mandates that trial courts consider the list of factors contained therein in determining whether spousal support is appropriate and reasonable.
The record, herein, demonstrates that the Magistrate went to considerable length in considering the factors contained in R.C.3105.18(C)(1). After considering the factors, the Magistrate recommended that Appellant be granted spousal support in the amount of one thousand dollars per month for a period of six months. After reviewing the Magistrate's decision, we find that the trial court did not abuse its discretion with respect to the grant of spousal support. There is nothing in the record demonstrating that the Magistrate's decision was unreasonable, arbitrary or unconscionable.
Accordingly, Appellant's second assignment of error is not well taken and is therefore overruled.
Having found error prejudicial to the Appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court with respect to Appellant's first assignment of error, and affirm the judgment of the trial court with respect to Appellant's second assignment of error, and remand this matter for further proceedings in accordance with this opinion.
Judgment affirmed in part, reversed in part and Cause remanded.
 HADLEY and BRYANT, JJ., concur.