WILLIS, APPELLEE, *v.* WILLIS, APPELLANT.

(No. 1131—Decided June 29, 1984.)

*Lawrence J. Dolan,* for appellee.

*Bruce B. Elfvin* and *Jeffry F. Kelleher,* for appellant.

FORD, J. Appellee, George E. Willis,

filed for divorce in the Geauga County Court of Common Pleas in November 1982. Appellant, Dorothy A. Willis, filed her answer denying the allegation of gross neglect. A judgment granting the divorce was entered July 6, 1983. Appellant filed her appeal of this judgment.

The following facts were brought out at trial:

1. The parties were married for forty years.

2. There are no minor children.

3. Appellee is president of Sun Electric. His average annual income for the last decade was $325,141.

4. Appellant has not been employed at all during the forty-year marriage.

5. Appellant is fifty-nine years old and has both physical and emotional problems; appellee is sixty-three years old and is in good health.

6. Appellee has a vested, non-forfeitable retirement fund and will receive between $15,000 to $20,000 per month upon retirement.

7. Appellant has a high school education and has no prospect for future employment; appellee has an engineering degree from Michigan State and an M.B.A. from Harvard.

8. Assets and liabilities:

| a. Marital Assets: | Market Value: |
|---|---|
| The marital home at 11661 Sperry Road, Chester: | $ 450,000 |
| The Ridge Road property, Wickliffe: | $ 180,000 |
| Canadian Properties: | |
| Wolf Lake: | $ 95,000 |
| Red Pine Lake: | $ 10,000 |
| West View: | $ 25,000 |
| Main Cottage: | $ 40,000 |
| Four Winds: | $ 25,000 |
| Lincoln Electric Stock: | |
| Plaintiff's "Blue" stock: | $1,140,610 |
| Plaintiff's "Gold" stock: | $ 110,000 |
| Defendant's "Gold" stock: | $ 144,760 |
| Grand Valley Limited Partnership: | $ 20,000 |
| 75% Interest in Wise Margin Farms: | -0- |
| Interest in Auburn Road property secured by $280,000 mortgage: | $ 280,000 |
| Notes Payable by Pat & Lorrie Willis: | -0- |
| I.R.S. refund (promised to National City Bank): | $ 27,219 |
| Ohio Tax Refund: | $ 1,858 |
| Pension plans - current value (no evidence): | $Unknown |
| Many items of furniture, furnishings, and personalty located in Chester and Canada: | $Unknown |
| Total: | $2,549,447 |

b. The parties have the following marital debts:

| | |
|---|---|
| 1st mortgage on marital house: | $ 40,000 |
| 2nd mortgage on marital house and Wise Margin property: | $ 280,000 |
| Notes payable - National City Bank: | $ 450,000 |
| | $ 17,000 |
| | $ 21,000 |
| | $ 7,000 |
| Total: | $ 815,000 |

Notes payable -
Trustee of
Employees' Stock

| Plans: | $ | 76,000 |
| | $ | 8,000 |
| | $ | 40,000 |
| | $ | 3,200 |
| | $ | 7,000 |
| | $ | 16,830 |
| | $ | 3,500 |
| | $ | 32,960 |
| Total: | $ | 187,490 |
| Total debts: | $1,002,490 | |
| Net Marital Assets: | $1,546,957 | |

c. The marital assets were divided as follows:

Assets to the appellee:
Canadian Properties:

| Wolf Lake: | $ | 95,000 |
| Four Winds: | $ | 25,000 |
| Lincoln Electric Stock: | | |
| "Blue": | $1,140,610 | |
| "Gold": | $ | 110,000 |
| Grand Valley Limited Partnership: | $ | 20,000 |
| Wise Margin Road Estate: | $ | 280,000 |
| Wise Margin Farms stock interest: | $ | -0- |
| Notes payable by Pat & Lorrie Willis: | $ | -0- |
| I.R.S. refund check: | $ | 27,219 |
| Ohio Tax refund check: | $ | 1,858 |
| Current value of pension: | $Unknown | |
| Total: | $1,699,687 | |

Debts assumed by the appellee:

| 1st mortgage: | $ | 40,000 |
| 2nd mortgage: | $ | 280,000 |
| National City Bank: | $ | 495,000 |
| Trustee of stock plan: | $ | 187,490 |
| Total: | $1,002,490 | |
| Net assets to appellee: | $ | 697,197 |

Assets to the appellant:

| Chester Property: | $ | 450,000 |
| Wickliffe Property: | $ | 180,000 |
| Canadian Properties: | $ | 75,000 |
| Lincoln Electric Stock: | $ | 144,670 |
| Furniture & furnishings: | $Unknown | |
| Net assets to appellant: | $ | 849,670 |

In addition, based on these findings, the trial court made the following determination:

"d. since the foregoing division saddles the plaintiff with substantial debts creating some liquidity problems in view of his reduced earnings, each party should pay his own attorney's fees. The defendant will attain greater liquidity and better income levels after the sale of her real estate holdings."

The appellant presents four assignments of error:

"1. The granting of a divorce in a contested proceeding requires proof of the alleged grounds and culpability of the party defendant; in granting the divorce herein, the trial court abused its discretion.

"2. The trial court erred to the prejudice of appellant by failing to consider the factors required by R.C. 3105.18 and provide equitable alimony.

"3. Reversible error was committed by failing to join additional parties and restrain assignment of beneficial rights during pendency of action including appeal.

"4. It was an abuse of discretion for the trial court not to award appellant her reasonable attorneys fees and related expenses."

Appellant's first assignment of error is without merit.

Poor housekeeping habits do not constitute gross neglect of duty, unless such neglect is flagrant, heinous, odious, atrocious, shameful or despicable. *Glimcher* v. *Glimcher* (1971), 29 Ohio App. 2d 55, 62 [58 O.O.2d 37]. There was evidence by both appellee and a corroborating witness that the marital

house was a shambles. The credibility of these witnesses was for the court. *Breese* v. *State* (1861), 12 Ohio St. 146, 156. The trial court did not abuse its discretion in granting the divorce on these grounds.

Appellant's second assignment of error addresses the division of property and alimony award.

*Cherry* v. *Cherry* (1981), 66 Ohio St. 2d 348 [20 O.O.3d 318], repudiates the strict partnership theory of marriage as enunciated in *Wolfe* v. *Wolfe* (1976), 46 Ohio St. 2d 399 [75 O.O.2d 474]. However, *Cherry, supra,* does mandate that an equal property division be the starting point from which the lower court should structure a property settlement. *Cherry, supra,* at 355. As a practical matter, for an appellate court to review a trial court's division of property, which is being challenged, findings of value should be determined. In the instant case, appellant objects to the valuation of specific marital assets. These valuations must be examined before the overall propriety of the court's decision can be reviewed.

Appellant first takes issue with the value placed on Wise Margin Farm, Inc. This is a corporation owned by the appellant, appellee and their son and daughter-in-law. The venture, a boarding stable, has sustained severe losses. Payment on the notes personally owed by the son and daughter-in-law is not expected. The $280,000 principal balance on the mortgage on the farm is due September 1984. In light of these facts, the stock has substantially no value. There was sufficient, competent and credible evidence to support a zero valuation; this valuation does not constitute reversible error. *Hine* v. *Hine* (1927), 25 Ohio App. 120.

However, the unvalued pension fund does prevent this court from reviewing the overall division of property. A flat rule to determine value cannot be established as equity depends on the totality of the circumstances. *Briganti* v. *Briganti* (1984), 9 Ohio St. 3d 220, 222. However, the court does have broad discretion to develop some measure of value. *Berish* v. *Berish* (1982), 69 Ohio St. 2d 318 [23 O.O.3d 296]. The trial court is not privileged to omit valuation altogether. A party's failure to put on any evidence does not permit assigning an unknown as value. The court itself should instruct the parties to submit evidence on the matter. As there is a lack of any evidence establishing the value of appellee's pension fund, it is impossible to review the propriety of the court's division of property. Thus, we reverse for further proceedings to determine the pension fund value.

Appellant's third assignment of error is without merit.

Civ. R. 75 allows joinder of a party in a divorce action. However, at most, Sun Life is a permissive party for purpose of joinder. In light of our decision to reverse for purposes of placing a value on the pension fund, no substantial right of appellant is affected. *Delaplane* v. *Delaplane* (1948), 84 Ohio App. 165, 169 [39 O.O. 200]. There is no reversible error.

Appellant's fourth assignment of error is also without merit.

An award of attorney fees is within the sound discretion of the trial court. *Cohen* v. *Cohen* (1983), 8 Ohio App. 3d 109. While the distribution of property may be affected by a revaluation of the pension fund, the settlement as it now stands gives the appellant ample funds to pay her own attorney fees.

In conclusion, we reverse and remand for further proceedings not inconsistent with this opinion.

*Judgment reversed and cause remanded.*

COOK, P.J., and DAHLING, J., concur.