OPINION
Rik Sears, defendant-appellant/cross-appellee, appeals a decision by the Clermont County Court of Common Pleas, Domestic Relations Division, granting him a divorce from Lyn Sears, plaintiff-appellee/cross-appellant. Specifically, appellant argues his spousal support award is inadequate, the division of the marital property is inequitable, and the trial court's ruling violated the Equal Protection Clause of theFourteenth Amendment to the United States Constitution. Appellee, in a cross-appeal, contends that the local rules prohibit an award of attorney fees without corroborating evidence. We affirm in all respects.
Appellant and appellee were married September 20, 1967. At the time of the divorce hearing, appellant was forty-eight years old and appellee was forty-nine.
In 1984, appellant suffered work-related injuries and filed for workers compensation. Until 1993, appellant received workers compensation totaling $77,000, but this income was spent in the normal course of the marriage. Since 1993, appellant has had no regular income, with the exception of brief employment as a painter. The record reveals that due to his injuries, appellant is extremely unlikely to return to his previous employment in construction and heavy equipment. Appellant currently has workers compensation and social security claims pending, the outcome of which are unknown. Appellant also has a 401(k) plan with a fair market value of $7,229.84.
Appellee works as a machine operator, earning $31,407.91 in 1996. Appellee also has various medical problems, but apparently will continue to work for the foreseeable future. In her testimony at a hearing on February 12, 1997, appellee indicated that she was paying appellant's union dues, liability coverage for the automobile appellant was driving, and appellant's health insurance expenses. Due to her overall expenses, appellee was unable to pay the real estate taxes on the marital properties. Appellee has an annuity worth $12,800. From an inheritance, appellee has approximately four hundred fifty shares of Proctor 
Gamble stock, which the trial court determined was separate property.
On May 30, 1994, the parties were separated. Appellee continued to live in the marital home, which has $64,922.95 in equity. Appellant chose to live in the other marital property located in Winchester, Ohio ("Winchester property"), where living quarters consist of a barn with no running water or plumbing. The Winchester property has a fair market value of $18,400.
On May 16, 1996, appellee filed for divorce. On March 6, 1997, after a hearing, the court granted the parties a divorce based upon incompatibility and ordered an equal division of the marital property. Specifically, appellant received the Winchester property and the marital home was to be sold. Appellee is entitled to the first $18,400 from the sale as a setoff against the Winchester property, with the remaining equity divided equally between the parties. Appellant was also awarded $336.28 per month in spousal support. The decree of divorce was entered May 30, 1997. Appellant filed a timely notice of appeal and appellee filed a cross-appeal. Appellant presents three assignments of error and appellee one assignment of error for our review.
In appellant's first assignment of error, he asserts the spousal support award of $336.28 per month is insufficient to cover appellant's monthly expenses and fails to consider all the relevant factors of R.C. 3015.18(C)(1). The standard of review on appeal is whether the trial court abused its discretion. Booth v. Booth (1989), 44 Ohio St.3d 142, 144. An abuse of discretion means the judgment of the court was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219.
In determining whether spousal support is "appropriate and reasonable," the trial court shall consider the following factors:
 (a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171[3105.17.1] of the Revised Code;
(b) The relative earning abilities of the parties;
 (c) The ages and the physical, mental, and emotional conditions of the parties;
(d) The retirement benefits of the parties;
(e) The duration of the marriage;
 (f) The extent to which it would be inappropriate for a party, because he will be custodian of a minor child of the marriage, to seek employment outside the home;
 (g) The standard of living of the parties established during the marriage;
 (h) The relative extent of education of the parties;
 (i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 (j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 (k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 (l) The tax consequences, for each party, of an award of spousal support;
 (m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 (n) Any other factor that the court expressly finds to be relevant and equitable.
R.C. 3105.18(C)(1).
The essence of appellant's argument is that the court failed to adequately consider appellant's need in its decision. Appellant suggests, therefore, that the trial court's decision is inconsistent with Carnahan v. Carnahan (Mar. 3, 1997), Clermont App. No. CA96-08-072, unreported. We disagree. In Carnahan, this court indicated that "[n]eed is an essential element when determining when spousal support is `appropriate and reasonable'". Id. at 2. (Citations omitted). We have also explained that need is a "relative term, the conception of which must, within reasonable limits, vary with the personal situation of the individual employing it." Rheude v. Rheude (May 5, 1997), Clermont App. No. CA96-10-084, unreported, at 10-11, citing Kunkle v. Kunkle (1990), 51 Ohio St.3d 64, 69.
Our review of the record shows that the trial court considered appellant's inability to work and his limited means of support. Also, the trial court reviewed appellee's income, expenses, and medical problems. Appellant intimates that, under these circumstances, spousal support must pay for most or all of appellant's living expenses. We disagree. In this case, like all spousal support cases, the trial court, in order to achieve a fair outcome, must review the totality of the circumstances of both parties in awarding spousal support. Kunkle,51 Ohio St.3d at 67; Kaechele v. Kaechele (1988), 35 Ohio St.3d 93, 94. We find that the trial court did not abuse its discretion. The first assignment of error is overruled.
In appellant's second assignment of error, he avers that the trial court's decision violated the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution. Specifically, appellant asserts that an ex-wife would receive a lump sum award in addition to monthly spousal support. See, generally, Orr v. Orr (1979), 440 U.S. 268, 283-84,99 S.Ct. 1102, 1113-14 (state statute providing that alimony could only be paid to the wife and not the husband is unconstitutional). Appellant does not cite any cases or present any evidence in the record that the trial court applied R.C. 3105.18(C) based on gender. Our independent review of the record indicates the statute was neutrally applied. See State ex rel. Doersam v. Indus. Comm. (1989), 45 Ohio St.3d 115, 119-20. The second assignment of error is overruled.
In appellant's third assignment of error, he argues that, in dividing the marital property equally, the trial court failed to consider the factors in R.C. 3105.171 and therefore the distribution was "equal but inequitable." The standard of review is again abuse of discretion. Blakemore, 5 Ohio St.3d at 219.
Specifically, appellant claims that the trial court did not give sufficient consideration to appellant's future inability to earn income due to his age and disability. Under R.C. 3105.171(F),[1]
the trial court must consider a series of factors when dividing marital property. After considering the factors, the trial court ruled that an equal distribution was appropriate. Appellant suggests that the distribution is inequitable because of appellant's limited assets, future inability to work, and appellee's better financial position. However, appellee's economic resources are also limited and both parties contributed to the marital home, as well as other marital assets, over a lengthy period of time. The totality of the circumstances do not indicate the trial court abused its discretion. Appellant's third assignment of error is overruled.
Appellee, in a single assignment of error on cross-appeal, argues that the trial court erred in making her responsible for a portion of appellant's attorney fees. In the March 6, 1997 decision, the trial court reasoned that appellee was in a better financial position than appellant and directed her to pay one-half of appellant's attorney fees. Appellee urges that the trial court's ruling was not in compliance with Local Rule 12 of the Clermont County Court of Common Pleas, Domestic Relations Division.
This argument borders on the frivolous. The rule to which appellee refers is Title XII, Rule 12.1, titled Motion for Attorney Fees in Contempt Actions (emphasis added). The record clearly indicates no contempt proceedings took place. Moreover, at the hearing on February 12, 1997, appellant demonstrated his financial need and the reasonableness of the fees in light of the circumstances. See Kramer v. Kramer (Dec. 7, 1987), Clermont App. No. CA87-02-014, unreported. In addition, the trial court has "wide latitude in determining whether an award of attorney fees is appropriate." Balog v. Balog (June 9, 1997), Warren App. No. CA96-08-077, unreported, at 4-5, citing Wills v. Wills (1984), 19 Ohio App.3d 45, 48. The trial court did not abuse its discretion. See Blakemore, 5 Ohio St.3d at 219. Appellee's assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and WALSH, J., concur.
[1] R.C. 3105.171(F) states as follows:
 In making a division of marital property and in determining whether to make and the amount of any distributive award under this section, the court shall consider all of the following factors:
(1) The duration of the marriage;
(2) The assets and liabilities of the spouses;
 (3) The desirability of awarding the family home, or the right to reside in the family home for reasonable periods of time, to the spouse with custody of the children of the marriage;
(4) The liquidity of the property to be distributed;
 (5) The economic desirability of retaining intact an asset or an interest in an asset;
 (6) The tax consequences of the property division upon the respective awards to be made to each spouse;
 (7) The costs of sale, if it is necessary that an asset by sold to effectuate an equitable distribution of property;
 (8) Any division or disbursement of property made in a separation agreement that was voluntarily entered into by the spouses;
 (9) Any other factor that the court expressly finds to be relevant and equitable.