DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant-appellant Charlie Mitchell appeals from a divorce decree. We affirm in part, reverse in part, and remand for further proceedings.
 I.
Charlie and plaintiff-appellee Kathy Mitchell were first married on October 3, 1981. Just prior to this marriage, Charlie purchased a home in which the couple resided. The couple had two children during this first marriage. In September 1986, this first marriage ended in a divorce and Kathy moved out of the residence.
The parties remarried on October 3, 1987, and had a third child. This second marriage also ended in divorce on April 17, 1997. Charlie appeals from the second divorce decree.
 II.
Charlie's first assignment of error states:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN IT FAILED TO ENTER FINDINGS OF VALUE WITH RESPECT TO THE PARTIES' PENSION FUNDS AND OTHER MARITAL PROPERTY.
Initially, we note that "[a] trial court is vested with broad discretion when fashioning its division of marital property. * * * A reviewing court will not substitute its judgment for that of the trial court unless the trial court's decision is unreasonable, arbitrary or unconscionable." Bisker v. Bisker
(1994), 69 Ohio St.3d 608, 609 (citations omitted).
In regard to the parties' pensions, the trial court found:
 Defendant's (sic) has a pension through Chrysler Corporation that as of date of trial will pay him $442.43 per month when he retires. Its present fair market value, however, is unknown. The marital portion of this pension, however, can be divided equally by the parties by Qualified Domestic Relations Order (QDRO).
Plaintiff has been employed for two (2) years with the Akron Summit Community Action Agency. She has accrued a small pension with an unknown fair market value. This pension can be divided equally by the parties by QDRO.
Charlie argues that the failure to assign a fair market value to the pensions makes it impossible for this court to review the property division. However, the necessity of determining the present value of a pension is discounted when a QDRO is used:
 A present value must be determined if that value is going to be immediately divided through liquidation of the fund, by being offset against other marital assets, or through periodic payments by one spouse to the other. When, as in this case, the division is not going to occur until benefits are paid, it is the projected amount of those payments that is critical, not the value at the time of the hearing.
Sprankle v. Sprankle (1993), 87 Ohio App.3d 129, 134-135. In this case the trial court specified the projected amount of the marital portion of Charlie's pension payments and noted that Kathy's pension was "small," having accrued over a short period of time. This information is sufficient for us to review the propriety of the overall division of property.
Charlie also challenges the trial court's disposition of the household goods and furnishings. The trial court disposed of this property in the following manner:
 The parties shall create a master list of all the household goods and furnishings acquired by them during the marriage. The parties shall then divide this property lottery (sic) with the parties alternating choices. First choice shall be determined by a coin toss to be conducted by counsel for the parties. If any of the items that Defendant chooses have been disposed of by the Plaintiff in violation of the restraining order then he shall receive the fair market value of that item. The Court specifically reserves jurisdiction over the household goods and furnishings and the value of these items until the same are divided equally as contemplated above.
Charlie again asserts that we are prevented from reviewing the overall division of property by the trial court's failure to specify values for the household goods. We disagree.
It is often stated that a trial court is not privileged to omit valuation altogether. See, e.g., Willis v. Willis (1984),19 Ohio App.3d 45, 48. Clearly, some valuation is necessary for an appellate court to review the propriety of the overall property division. Id. However, a trial court "cannot be expected to value every piece of furniture, lawn equipment, and other personal property accumulated during a marriage." Kohler v. Kohler (Aug. 14, 1996), Lorain App. No. 96CA006313, unreported.
This court has previously held that it is within the trial court's discretion to employ a lottery system when attempting to divide household goods and furnishings. Kepple v. Kepple (Feb. 15, 1989), Summit App. No. 13740, unreported. Generally, a lottery is "a method which would divide the items equally. Since there will be an equal division of these items, there is no need, * * * that each item be separately valued before the parties make their choices." Id.
In this case, Charlie has shown no specific need for a separate valuation of any of the household goods. Therefore, it was not an abuse of discretion, under these circumstances, to order that the household goods be divided by lottery. The trial court's decree provides sufficient information for us to review the overall division of property.
Charlie also argues that the trial court has improperly attempted to retain jurisdiction over the lottery by leaving several issues unresolved, such as what items should be on the list and the fair market value of the items disposed of by Kathy. Charlie argues that any resolution of these issues will require a modification of the property distribution in violation of R.C.3105.171(I).
In Thomarios v. Thomarios (Jan. 10, 1990), Summit App. No. 14232, unreported, we held that "a trial court has the right to construe and clarify its own judgment, and such construction does not amount to a modification of the judgment." In this case, the trial court has merely retained the power to construe and clarify the status and value of certain items. This does not permit the trial court to redistribute the property or otherwise modify the results of the lottery.
Assignment of error number one is overruled.
 III.
Charlie's second assignment of error states:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT IN FAILING TO INDICATE THE BASIS FOR ITS AWARD IN SUFFICIENT DETAIL TO ENABLE A REVIEWING COURT TO DETERMINE WHETHER THE AWARD IS FAIR, EQUITABLE AND IN ACCORDANCE WITH THE LAW.
Specifically, Charlie challenges the award of spousal support, arguing that the trial court has failed to satisfyKaechele v. Kaechele (1988), 35 Ohio St.3d 93. Kaechele
requires that "in making an award of [spousal support], the trial court must indicate the basis for its award in sufficient detail to enable a reviewing court to determine that the award is fair, equitable and in accordance with the law." Id. at paragraph two of the syllabus.
R.C. 3105.18(C) lists fourteen factors that a trial court must consider in determining whether spousal support would be appropriate and reasonable. When a trial court states in its decision that it has considered these statutory factors, "the court enjoys a strong presumption that it has reviewed such factors in reaching its decision." Guziak v. Guziak (1992),80 Ohio App.3d 805, 815; Babka v. Babka (1992), 83 Ohio App.3d 428,435. In this case, the trial court specifically noted that it had considered the statutory factors.
Additionally, the divorce decree specifically addresses the majority of the statutory factors: the parties' relative incomes, earning abilities, education, assets, and liabilities, the parties' age and health, the parties' retirement benefits, the duration of the marriage, the custody of the children, and Kathy's marital role as primary care giver for the children. Although "there may have been a few relevant factors that were not specifically mentioned, this is not evidence that the trial court failed to consider them. * * * Absent evidence otherwise, a reviewing court will presume the lower court did consider the relevant statutory factors." Leonard v Leonard (Jan. 22, 1997), Wayne App. No. 96CA0044, unreported (citations omitted). In this case, Charlie has failed to demonstrate that the trial court failed to consider the relevant factors.
The trial court's decision provides sufficient information for us to determine whether the award was fair, equitable, and in accordance with the law, thereby satisfying Kaechele, supra. Assignment of error number two is overruled.
 IV.
Charlie's third assignment of error attacks the substance of the spousal support award:
 THE TRIAL COURT'S JUDGMENT AWARDING SPOUSAL SUPPORT CONSTITUTED AN ABUSE OF DISCRETION.
Charlie properly notes that the review of an award of spousal * * * support is governed by an abuse of discretion standard.Guziak, supra. However, Charlie primarily argues that the trial court failed to determine Kathy's "need" for spousal support. This court has repeatedly held that spousal support is no longer based strictly on need, but instead is based on a determination of what is "appropriate and reasonable." See,e.g., Schindler v. Schindler (Jan. 28, 1998), Summit App. No. 18243, unreported; Chaudhry v. Chaudhry (Apr. 8, 1992), Summit App. No. 15252, unreported. See, also, R.C. 3105.18(C). Nevertheless, Kathy does appear to have a need for support: the trial court found her yearly income to be only $12,786.58 — a figure that Charlie does not dispute — and her monthly expenses to be $2,119.00.
Charlie also argues that the trial court did not give proper consideration to his ability to pay. The trial court found that Charlie had an average income of $66,166.00 per year — a figure that Charlie does not dispute. From that amount, the trial court ordered Charlie to pay $1,126.29 per month in child support, $200.00 per month in spousal support, and the cost of health insurance for the children. Charlie asserts that he will also be required to maintain two residences. However, the divorce decree requires Kathy, not Charlie, to pay the mortgage on the marital residence, so we are at a loss as to which two residences Charlie is referring to. In conclusion, even after making all of the required payments, Charlie should have approximately $50,000.00 in pre-tax income to satisfy his own needs.
After reviewing the record and the divorce decree, we conclude that this spousal support award was not an abuse of discretion. Assignment of error number three is overruled.
 V.
Charlie's fourth and fifth assignments of error are related and will be treated together.
Fourth Assignment of Error
THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN IT MODIFIED OR CORRECTED THE PRIOR DECREE WITH RESPECT TO THE PROPERTY DIVISION OF APPELLANT'S PENSION AND RESIDENCE.
Fifth Assignment of Error
THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN IT INCLUDED THE PERIOD OF THE PARTIES' FIRST MARRIAGE AND DIVORCE IN ITS COMPUTATION OF THE PERCENTAGE OF APPELLANT'S PENSION SUBJECT TO DIVISION AS MARITAL PROPERTY, DESPITE ITS OWN CONCLUSION THAT THE PERIOD DURING THE MARRIAGE IS FROM OCTOBER 3, 1987 TO JANUARY 23, 1997.
When the trial court set out to determine the marital portion of the residence and Charlie's pension, it discovered that the decree from the first divorce failed to provide for the distribution of these assets. The trial court attempted to correct this oversight by including the term of the first marriage when determining the marital portion of these assets.
Charlie challenges this by citing R.C. 3105.171(I) and arguing that the trial court lacked jurisdiction to modify the property division from the first divorce. However, in Bisker,supra, the Supreme Court of Ohio specifically addressed this issue. In Bisker, the parties were married and divorced twice. The trial court failed to mention the husband's pension in either the first or second divorce decree. The wife appealed the second divorce decree, arguing that the pension should have been divided. The appellate court affirmed the trial court, holding that the pension benefits that had accrued during the first marriage had been disposed of by the original divorce decree. The Supreme Court reversed, holding:
 The record does not indicate that the trial court, at any juncture of the current proceedings, ever reviewed the retirement benefits of the parties as mandated by R.C. 3105.18. The trial court's orders are therefore incorrect as a matter of law. During the first divorce proceeding, the trial court did not conduct an independent review but, rather, took the parties' oral agreement at face value. This error cannot be corrected by a subsequent remarriage. The issue remained unsettled at the time of the second divorce and again was not addressed. Instead of rectifying an earlier omission, the trial court compounded it and the court of appeals affirmed it.
The trial court erred as a matter of law and, therefore, this matter must be remanded for a review of appellee's pension benefits and their impact on the ultimate division of property.Id. at 609. See, also, Robbins v. Robbins (Mar. 3, 1993), Wayne App. No. 2750, unreported.
In light of Bisker, we affirm the trial court's attempt to rectify its earlier omission by taking into account the term of the first marriage in determining the marital portion of the residence and of Charlie's pension.
However, we agree with Charlie's contention that the trial court erred in concluding that "[t]he entire pension from October 3, 1981, [date of first marriage] to January 23, 1997, [date of second divorce] as such constitutes marital property." While the trial court may take into account the first marriage when determining the marital portion of the pension, it cannot divide, as marital property, the pension benefits that accrued between the marriages. It is undisputed that the parties were legally divorced and living apart for almost a year between the marriages. Therefore, the pension benefits that accrued during that period of time are Charlie's separate property.
The trial court avoided a similar error in relation to the residence by considering the equity accrued between the marriages apart from the equity accrued during the marriages, and concluding that the entire equity in the residence was marital property because there was no evidence that any equity had accrued between the marriages. Those findings will be reviewed below, in relation to assignment of error number six.
Assignments of error numbers four and five are overruled, except insofar as the trial court included the period between the marriages when calculating the marital portion of Charlie's pension.
 VI.
Appellant's sixth assignment of error states:
 THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO CHARACTERIZE BOTH THE RESIDENCE ON HADDEN ROAD AND THE BOAT AS SEPARATE PROPERTY.
Charlie claims that he purchased the residence several months to the parties' first marriage and purchased the boat the first divorce. Therefore, he argues, these items his separate property.
R.C. 3105.171(A)(3)(a) defines marital property as:
 (i) All real and personal property that currently is owned by either or both of the spouses, including, but not limited to, the retirement benefits of the spouses, and that was acquired by either or both of the spouses during the marriage;
* * *
 (iii) Except as otherwise provided in this section, all income and appreciation on separate property, due to the labor, monetary, or in-kind contribution of either or both of the spouses that occurred during the marriage[.]
"The characterization of property as separate or marital is a factual determination for the trial court, which will not be overturned if it is supported by competent, credible evidence." Wright v. Wright (Jan. 3, 1996), Medina App. No. 95 CA 2423-M, unreported.
In regard to the residence, the trial court found that it had a fair market value of $50,000.00 and an outstanding mortgage of $38,373.00 — figures that Charlie does not dispute. Because marital earnings had been used to pay the mortgage during the marriages, the trial court properly concluded that the equity created during the marriages was marital property. See Miller v.Miller (Jan. 2, 1997), Summit App. No. 17711, unreported. The trial court acknowledged that the residence was purchased by Charlie six months prior to the first marriage and that Charlie alone had made the mortgage payments between the marriages, but stated that no evidence was presented to show what equity, if any, had existed prior to the first marriage or had been created during the divorce. Therefore, the trial court concluded that all the equity in the residence was marital property.
A review of the record indicates that these conclusions are supported by competent, credible evidence. There is no evidence in the record showing what the original mortgage was when the residence was first purchased or how much that mortgage was reduced prior to the first marriage and during the divorce.
In regard to the boat, the trial court found that it had a fair market value of $4,000.00 and an outstanding loan of $3,500.00 — figures that Charlie does not dispute. Again, however, the trial court stated that no evidence had been put forth to show what equity, if any, had been created prior to the second marriage, and concluded, therefore, that all of the equity in the boat was marital property.
A review of the record indicates that these findings are also supported by competent, credible evidence. Again, there is no evidence in the record showing how much the original loan was when the boat was first purchased or how much that loan was reduced prior to the second marriage.
Assignment of error number six is overruled.
 VII.
This case is reversed in part and remanded for a redetermination of the marital portion of Charlie's pension benefits.
Judgment affirmed in part, reversed in part, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to both parties equally.
 Exceptions. _________________________________ DANIEL B. QUILLIN, FOR THE COURT
BAIRD, J.
DICKINSON, J., CONCUR