This is an appeal from a Ross County Common Pleas Court judgment granting Johna M. Carl, plaintiff below and appellee herein, a divorce from Roger A. Carl, defendant below and appellant herein.
Appellant raises the following assignments of error for review:
FIRST ASSIGNMENT OF ERROR:
 "DID THE TRIAL COURT COMMIT PREJUDICIAL ERROR WHEN IT FAILED TO MAKE WRITTEN FINDINGS OF FACT IN ACCORDANCE WITH ORC SECTION 3105.171(G) SUPPORTING ITS PROPERTY DIVISION DETERMINATION?"
SECOND ASSIGNMENT OF ERROR:
 "WAS IT PREJUDICIAL ERROR TO MAKE A PROPERTY ALLOCATION IN THE ABSENCE OF PROPER EVIDENCE OF VALUES?"
THIRD ASSIGNMENT OF ERROR:
 "DID THE COURT COMMIT PREJUDICIAL ERROR IN NOT AWARDING DEFENDANT OR ACCOUNTING TO DEFENDANT THE FULL VALUE OF HIS SEPARATE PROPERTY?"
FOURTH ASSIGNMENT OF ERROR:
 "DID THE COURT COMMIT PREJUDICIAL ERROR WHEN IT FAILED TO GIVE DEFENDANT CREDIT FOR MORTGAGE PAYMENTS MADE AND TO BE MADE IN THE AMOUNT OF $815.00 UNTIL THE HOUSE AT 8764 BLAIN HIGHWAY SELLS?"
FIFTH ASSIGNMENT OF ERROR:
 "DID THE COURT COMMIT PREJUDICIAL ERROR BY PERMITTING SO MANY MISTAKES TO OCCUR?"
Our review of the record reveals the following facts pertinent to the instant appeal. On August 3, 1985, the parties were married. The parties had one child as issue of their marriage.
On August 23, 1995, appellee filed a complaint for divorce in the Ross County Common Pleas Court. On August 27, 1997 and continuing on November 17, 1997, the magistrate conducted a hearing regarding appellee's complaint for divorce.
On December 1, 1997, the magistrate issued a decision recommending that the parties be divorced. The magistrate defined August 3, 1985 to August 23, 1995 as "during the marriage." The magistrate's decision further provided that: (1) each party would retain the personal property currently in their possession; (2) the parties would sell the 1988 Ford Tempo and divide the proceeds equally; and (3) each party would retain his or her own life insurance policy. The magistrate awarded appellee the following marital assets and affixed the following values to the assets: (1) the burial plots and the vault ($3,600); (2) appellee's IRA proceeds ($350); (3) appellee's thrift plan ($3,854). The magistrate awarded appellant his Mead savings account valued at $2,110 and the United Assurance Company stock valued at $3,000.
The magistrate further awarded appellee: (1) a one-half interest in appellant's 401(k); (2) a one-half interest in appellant's pension plan; and (3) the 5.8 acres of real estate located on Blain Highway. The magistrate ordered the parties to sell the residence located on the Blain Highway tract and to equally divide the proceeds, after paying costs and after allocating the first $11,117 to appellee in order to equalize the property division.
On December 15, 1997, appellant filed objections to the magistrate's decision. Appellant objected to the magistrate's decision regarding his 401(k) to the extent that the magistrate ordered an outright distribution of appellee's interest in the 401(k). Appellant also objected to the magistrate's recommendation that the parties should sell the Blain Highway real estate. Appellant noted that he and appellee instituted a lawsuit against the builder of the residence and that the residence has several defects that render the home unmarketable. Appellant also objected to the magistrate ordering appellant to pay the mortgage on the residence without giving appellant credit for moneys he has paid on the mortgage.
Appellant further objected to the magistrate's decision regarding his pension plan. Appellant argued that the magistrate's decision should reflect that appellee would receive only a one-half interest in the funds accumulated during the marriage.
On April 20, 1998, appellant withdrew his objection regarding the magistrate's recommendation that the parties sell the Blain Highway property.
On April 20, 1998, the trial court modified the magistrate's decision to provide that appellee would receive her interest in appellant's 401(k) through a Qualified Domestic Relations Order ("QDRO") and to provide that appellee would receive a one-half interest in the value of appellant's pension plan accumulated during the marriage. The trial court overruled appellant's objection concerning the mortgage payments.
On July 1, 1998, the trial court issued a divorce decree adopting the magistrate's decision with the modifications reflected above.
Appellant filed a timely notice of appeal.
 I
In his first assignment of error, appellant asserts that the trial court erred by failing to address the statutory factors set forth in R.C. 3105.171(F). Appellant argues that the trial court failed to comply with R.C. 3105.171(G) which requires a trial court to set forth the factors supporting its property allocation. We disagree with appellant.
When dividing marital property, a trial court must consider the factors set forth in R.C. 3105.171(F). R.C. 3105.171(C)(1). R.C. 3105.171(F) requires a trial court to consider the following factors when dividing marital property:
(1) The duration of the marriage;
(2) The assets and liabilities of the spouses;
 (3) The desirability of awarding the family home, or the right to reside in the family home for reasonable periods of time, to the spouse with custody of the children of the marriage;
 (4) The liquidity of the property to be distributed;
 (5) The economic desirability of retaining intact an asset or an interest in an asset;
 (6) The tax consequences of the property division upon the respective awards to be made to each spouse;
 (7) The costs of sale, if it is necessary that an asset be sold to effectuate an equitable distribution of property;
 (8) Any division or disbursement of property made in a separation agreement that was voluntarily entered into by the spouses;
 (9) Any other factor that the court expressly finds to be relevant and equitable.
Additionally, R.C. 3105.171(G) requires a trial court to "make written findings of fact that support the determination that the marital property has been equitably divided and shall specify the dates it used in determining the meaning of 'during the marriage.' "
In McCarty v. McCarty (Dec. 21, 1994), Adams App. No. 94 CA 575, unreported, we discussed the trial court's alleged failure to address all of the R.C. 3105.171(F) factors as follows:
 "As a reviewing court, we must presume the trial court considered all relevant statutory factors. Carpenter v. Carpenter (1988), 61 Ohio App.3d 584, 573 N.E.2d 698; Remali v. Remali (May 10, 1994), Franklin App. No. 93APF08-1202, unreported. Appellant has the burden of demonstrating that the trial court failed to consider the applicable factors. Remali; Freund v. Freund (March 10, 1994), Franklin App. No. 93-APF09-1301."
In McCarty, we "[found] no evidence that the trial court failed to consider the factors." Furthermore, we noted that R.C. 3105.171(F) does not require the trial court to address each statutory factor in its written findings of fact. Rather, R.C. 3105.171(F) simply requires the trial court to "consider" the statutory factors.
In the case at bar, appellant has not specified any evidence to demonstrate that the trial court failed to consider the R.C. 3105.(F) statutory factors. Instead, appellant's argument focuses on the trial court's failure to address each statutory factor in its written findings of fact — an argument we explicitly rejected in McCarty.
Moreover, as we noted in McCarty:
 "[I]f appellant had desired a more detailed analysis of the trial court's decision, appellant could have filed a written request for findings of fact and conclusions of law. A failure to request findings of fact and conclusions of law often will preclude an appellant from arguing that the trial court failed to consider certain statutory factors. See In re Skinner (March 23, 1994), Adams App. No. 93CA547, unreported (visitation factors); Poyma v. Poyma (July 15, 1993), Cuyahoga App. No. 63150, unreported (alimony factors); Rolfe v. Rolfe (May 4, 1992), Clinton App. No. CA91-08-017, unreported (property division factors); McLaughlin v. McLaughlin (June 28, 1989), Washington App. No. 88 CA 4, unreported (custody factors)."
Accordingly, based upon the foregoing reasons, we overrule appellant's first assignment of error.
 II
In his second assignment of error, appellant argues that the trial court erred by failing to properly value certain marital assets. Appellant contends that the trial court assigned erroneous values to five marital assets.
First, appellant asserts that the trial court should have assigned a present day value to his pension plan and that the trial court should have examined the plan in more detail in order to determine the exact amount that constituted appellant's separate property. Second, appellant argues that the trial court incorrectly valued the Blain Highway property. Appellant contends that the trial court, by using the 1994 purchase price to value the property, undervalued the property. Thus, appellant asserts, because appellee received undervalued property, appellant was required "to pay more to equalize the property settlement." Third, appellant complains that the trial court erred by valuing the United Security Assurance stock according to its 1990 purchase price. Appellant asserts that the trial court should have valued the stock according to its present day worth. Fourth, appellant argues that the trial court erred by failing to affix value to each party's life insurance. Finally, appellant complains that the trial court erred by failing to assign a value to the lawsuit pending against the builder of the Blain Highway residence.
Initially, we note that appellant has waived any error with respect to the trial court's valuations as to four of the five marital assets. We believe that by failing to file specific objections with respect to the magistrate's valuation of the pension plan, the residence, the stock, and the lawsuit, appellant has waived any error. We do not believe, however, that appellant has waived the error with respect to the magistrate's failure to assign value to each party's life insurance.
Civ.R. 53(E)(3)(b) provides that "a party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected" to the magistrate's finding or conclusion in accordance with Civ.R. 53. If a party fails to object to a magistrate's finding or conclusion, the party waives the right to challenge the finding or conclusion on appeal. See Staff Notes to Civ.R. 53 (E)(3)(b) (stating that "[t]he rule reinforces the finality of trial court proceedings by providing that failure to object constitutes a waiver on appeal of a matter which could have been raised by objection"); Group One Realty, Inc. v. DixieInternational Co. (1998), 125 Ohio App.3d 787, N.E.2d; McDonaldv. McDonald (Aug. 27, 1998), Highland App. No. 96 CA 912, unreported; see, also, Harbeitner v. Harbeitner (1994), 94 Ohio App.3d 485,489, 641 N.E.2d 206, 208; Weltimire v. Weltimire
(1989), 55 Ohio App.3d 275, 276, 564 N.E.2d 119, 120 (stating that "[a] party on appeal, from a final judgment, may not assign as error an abuse of discretion of the trial court as an alternative to filing in the trial court objections to the referee's report"); Proctor v. Proctor (1988), 48 Ohio App.3d 55, 548 N.E.2d 287, paragraphs one and two of the syllabus;Albrecht v. Albrecht (Feb. 23, 1999), Franklin App. No. 98-AP-543, unreported.
In the case at bar, our review of the objections that appellant filed on December 15, 1997 demonstrates that appellant did not specifically object to the magistrate's valuation of the pension plan, the residence, the stock, and the lawsuit. Consequently, we find that appellant has waived any arguable error with respect to the trial court's valuation of the pension plan,[1] the real estate, the stock, and the lawsuit.[2] We do not believe, however, that waiver applies to the trial court's failure to value the parties' life insurance.
Generally, as we stated above, a party waives any error upon appeal of the trial court's adoption of any finding of fact and conclusion of law unless the party specifically objected to the magistrate's finding or conclusion. The general waiver rule does not apply, however, when the trial court omits valuation altogether. In a divorce proceeding, a trial court must place a value on each contested item of property. Willis v. Willis
(1984), 19 Ohio App.3d 45, 48, 482 N.E.2d 1274, 1277. A trial court may not omit valuation. Id. When the parties fail to submit evidence concerning valuation, the trial court should direct them to do so. Id.; Badovick v. Badovick (May 14, 1998), Cuyahoga App. No. 72317, unreported; Willis v. Willis (May 16, 1997), Trumbull App. No. 96-T-5549, unreported; Wylie v. Wylie
(May 30, 1996), Lawrence App. No. 95 CA 18, unreported; Wrightv. Wright (Nov. 10, 1994), Hocking App. No. 94CA02, unreported.
Based upon the foregoing, we believe that a trial court errs when it adopts a magistrate's report that fails to assign value to an asset, even if the party did not specifically object to the magistrate's failure. But, see, Walls v. Walls (May 4, 1995), Highland App. No. 94-CA-849, unreported; Wright, supra
(Harsha, J., concurring) (stating that failure to submit evidence regarding valuation and failure to object to proceeding without evidence of value results in a waiver of any error); Morris v. Morris (Aug. 22, 1990), Washington App. No. 89 CA 27, unreported (stating that error regarding the valuation of a pension was waived when neither party submitted evidence concerning the value of appellees' survivorship interest); Crouser v. Crouser (Dec. 13, 1985), Muskingum App. No. CA-85-25, unreported.
In the case at bar, neither the magistrate nor the trial court assigned value to the parties' life insurance policies. In the absence of any evidence as to value, the trial court should have directed the parties to submit evidence regarding the value of the life insurance policies. See Willis, supra;Wylie, supra; Wright, supra.
Accordingly, based upon the foregoing reasons, we overrule appellant's second assignment of error with respect to the pension plan, the real estate, the stock, and the lawsuit. We sustain appellant's second assignment of error with respect to the parties' life insurance. On remand, the parties should submit evidence regarding the value of their respective life insurance policies. The trial court then may consider the evidence in equitably distributing the marital assets.
 III
In his third assignment of error, appellant argues that the trial court erred in allocating separate property. We find, however, that appellant has waived any error concerning the issue. As we stated in our discussion of appellant's second assignment of error, a party may not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party raised an objection to the finding or conclusion in a timely manner. See Civ.R. 53(E)(3)(b). Because appellant did not object to the magistrate's allocation of the alleged separate property, appellant has waived the issue.
Accordingly, based upon the foregoing reasons, we overrule appellant's third assignment of error.
 IV
In his fourth assignment of error, appellant contends the trial court erred by failing to give him credit for mortgage payments that he paid on the Blain Highway residence. Appellant asserts that each payment he makes increases appellee's equity in the residence. We find merit to appellant's argument.
Courts routinely give the spouse who is paying a mortgage obligation credit for the payments. See, generally,Bertsch v. Bertsch (Nov. 19, 1997), Wayne App. No. 97 CA 09, unreported. When a trial court gives the payor spouse full credit for mortgage payments, reviewing courts often find that the payor spouse receives more equity than he is due. Id. We believe that the converse also is true — when a trial court fails to give the payor spouse any credit for mortgage payments, the non-payor spouse receives an increase in the equity of the home to the detriment of the payor spouse. While we do not believe that a trial court must give the payor spouse credit for fulfilling a mortgage obligation, we believe that the trial court must explain the reasons supporting its decision.
Accordingly, based upon the foregoing reason, we sustain appellant's fourth assignment of error. On remand, the trial court may revisit this issue.
 V
In his fifth assignment of error, appellant argues that the trial court erred by permitting counsel to make so many mistakes. We disagree with appellant.
While the Sixth Amendment to the United States Constitution provides a criminal defendant the right to receive effective assistance of counsel, Strickland v. Washington (1984),466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.E.2d 674, theSixth Amendment provides no such guarantee in a civil proceeding. SeeRoth v. Roth (1989), 65 Ohio App.3d 768, 585 N.E.2d 482; Hillv. Hill (July 20, 1995), Pickaway App. No. 94 CA 22, unreported; Ashton v. Ashton (June 2, 1992), Ross App. No. 1775, unreported; see, also, Goldfuss v. Davidson (1997),79 Ohio St.3d 116, 125, 679 N.E.2d 1099, 1106 (Lundberg-Stratton, J., concurring in part).
In the case at bar, appellant essentially asserts that he received ineffective assistance of trial counsel. Such a claim is not cognizable in a civil appeal.
Accordingly, based upon the foregoing reasons, we overrule appellant's fifth assignment of error.
JUDGMENT AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FORFURTHER PROCEEDINGS.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion. Appellee and appellant shall equally divide the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J. Evans, J.: Concur in Judgment Opinion
For the Court
 BY: ___________________________ Peter B. Abele Judge
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.
[1] In his brief, appellant notes that the pension plan exhibit values the pension as follows: (1) on August 1, 1985, the value was $13,002.28; (2) on August 1, 1995, the value was $35, 273.96; and (3) on August 1, 1997, the value was $42,413.37. Appellant also notes that the exhibit illustrates appellant's monthly benefit amounts as follows: (1) On August 1, 1985, appellant would have received $180 per month; (2) on August 1, 1995, appellant would have received $488.54 per month; and (3) on August 1, 1997, appellant would have received $587.42 per month.
We have thoroughly reviewed the exhibits in the case at bar, but have been unable to find the exhibit concerning the pension plan. Nonetheless, because neither appellant nor appellee disputes that the trial court utilized the above values, we find that the absence of an exhibit in the record does not affect our decision.
[2] Although we agree with appellant that the trial court failed to assign a value to the lawsuit, we note that neither party requested the trial court or the magistrate to resolve whether the lawsuit constituted a marital asset subject to division. Consequently, the trial court could not possibly value an asset that the parties had not disclosed as a marital asset.