DECISION AND JOURNAL ENTRY
Defendant-Appellant, Mary Lou Longacre, has appealed from an order of the Domestic Relations Division of the Lorain County Common Pleas Court that denied her motion to correct an amended judgment entry nunc pro tunc. This Court reverses and remands the cause for further action.
 I.
Plaintiff-Appellee, Clair Rairigh, filed a complaint against Defendant for divorce in the Domestic Relations Division of the Lorain County Common Pleas Court. The court entered a divorce decree, which stated:
 IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defendant shall receive as and for a division of marital assets, a one-half share of twenty years of Plaintiff's pension with the Central States Southeast and Southwest Areas Health and Welfare Fund, and the Court specifically reserves the right to make all future orders necessary to effectuate this provision. The Court orders that a Qualified Domestic Relations Order relating to Defendant's interest in said pension plan, shall be made into a Judgment Entry and filed herein and incorporated into this Judgment Entry and made a part hereof.
 Prior to the entry being journalized, Plaintiff initialed an interlineation that appeared in the above paragraph. The interlineation was inserted after the word `Fund' and stated "as if the Plaintiff terminated his employment as of Sept. 1, 1989." The Defendant did not initial the interlineation, nor did the trial court make any reference to it.
The record reveals that a judgment entry purporting to be a qualified domestic relations order was submitted; however, the pension fund determined that it was not qualified. Shortly thereafter, a second entry was submitted to determine Defendant's interest. After correspondence between the parties, the second order was amended again and resubmitted. The third entry was accepted by the pension fund, and the trial court issued an amended judgment entry that contained the provisions for the Qualified Domestic Relations Order (QDRO). The QDRO determined that Defendant would "receive directly from Central States, Southeast and Southwest Areas Pension Fund, an amount equal to one-half (1/2) of fifty percent (50%) of [Plaintiff's] accrued benefit under the Plan valued as of August 23, 1989, including all retirement benefits as of such date."
On December 2, 1998, Defendant filed a motion to correct the amended judgement entry (QDRO) nunc pro tunc. In her motion, Defendant argued that the assignment clause in the QDRO contained a clerical error because it failed to assign her the full interest in the pension plan that she was awarded in the divorce decree. The trial court denied her motion. Defendant timely appealed to this Court, asserting four assignments of error.
 II.
The Ohio Supreme Court has held that it is the trial court's responsibility, not the plan administrators, to determine the value of a pension plan. Hoyt v. Hoyt (1990), 53 Ohio St.3d 177,183. Because the parties' pension fund may be the most significant marital asset of one or both spouses, the trial court must completely understand the terms of any given plan, and may require both of the parties to submit evidence of the plan before making an informed decision. Willis v. Willis (1984), 19 Ohio App.3d 45,48.
As a preliminary matter, this Court must first determine the effect of the interlineation in the divorce decree. In reviewing the record, this Court notes that the interlineation sets forth the date for determining the amount of Defendant's interest in Plaintiff's pension.[1] According to the interlineation, Defendant's share in the pension would be valued on September 1, 1989. However, without giving effect to the interlineation, the decree orders that Defendant shall receive one-half share of twenty years of Plaintiff's pension. Although the handwritten interlineation appeared in the divorce decree, only Plaintiff has acknowledged it with his initials. Generally, both parties must acknowledge any modifications to an agreement on the record before the court or by placing their initials adjacent to the interlineation. See, e.g., Baker v. Baker (Mar. 31, 1995), Erie App. No. E-94-35, unreported, 1995 Ohio App. LEXIS 1321. Here, there is no evidence in the record that Defendant acknowledged the interlineation or that the trial court accepted its validity. Without a proper acknowledgement, the interlineation has no effect because the party benefiting from the added text is Plaintiff; the only one who initialed the changes. Given the state of record before this Court, the interlineation cannot be valid. As such, the trial court did not make a finding regarding the value date of Defendant's interest in the pension plan. It is the trial court's responsibility to determine the value of the pension plan. Hoyt, 53 Ohio St.3d 183 [53 Ohio St.3d 177]. Therefore, the trial court erred and, on remand must make this factual determination.
This Court declines to address Defendant's assignments of error in light of this Court's determination that, on remand, the trial court must determine the value date of Defendant's interest in Plaintiff's pension. See App.R. 12(A)(1)(c). The judgment of the trial court is reversed and this cause is remanded for further proceedings consistent with this opinion.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
 ________________________ BETH WHITMORE
FOR THE COURT BATCHELDER, P. J., CONCURS.
BAIRD, J.
DISSENTS WITH NO OPINION
[1] At the time of the divorce, Plaintiff's pension plan was vested but had not matured.