OPINION
This is a consolidation of appellate case numbers 2000-L-183 and 2000-L-184. Kym L. Muhlfelder and Phillip S. Muhlfelder both appeal from the judgment of the Lake County Court of Common Pleas granting the parties a divorce. Kym Muhlfelder and Phillip Muhlfelder assert the trial court's judgment entry is not a final appealable order. We agree.
A divorce decree, which leaves issues unresolved, is not a final order. See Hughes v. Hughes (May 9, 1997), Portage App. No. 96-P-0196, unreported, 1997 Ohio App. LEXIS 1977. The trial court's judgment entry of divorce did not determine the valuation of numerous marital assets of the Muhlfelders. Further, the trial court did not address the issue of whether Kym Muhlfelder's new home, located at 32380 Stoney Brook Drive in Avon Lake, Ohio, is marital property. The trial court did not classify all of the property as either marital or separate as required by R.C.3105.171(B). Because the divorce decree left many issues relating to the property division unresolved, the judgment entry of the Lake County Court of Common Pleas is not a final order.
In order to make an equitable property division, a trial court must make a finding of fair market value of all marital property. Blaner v.Blaner (June 9, 1995), Trumbull App. No. 94-T-5163, unreported, 1995 Ohio App. LEXIS 2640. A trial court may not omit valuation altogether. Even if a party fails to provide any evidence regarding the value of an asset, the trial court cannot assign an unknown as a value. Willis v. Willis
(1984), 19 Ohio App.3d 45. The trial court's failure to value marital assets prevents this court from determining if the decision was fair, equitable, and in accordance with the law. Gragg v. Gragg (Feb. 7, 1997), Portage App. No. 95-P-0158, unreported, 1997 Ohio App. LEXIS 429. Kym Muhlfelder's second assignment of error and Phillip Muhlfelder's first assignment of error are well-taken. The appeal and cross-appeal are dismissed for lack of a final order. This case is returned to the trial court for further proceedings consistent with this decision.[1]
FORD, P.J., CHRISTLEY, J., concur.
[1] The lower court is reminded that this court has held that a trial court cannot order a corporation to be judicially dissolved as part of a divorce or dissolution of marriage proceeding. Harrow v. Harrow (Jan. 15, 1988), Trumbull App. No. 3674, unreported, 1988 Ohio App. LEXIS 84. See also R.C. 1701.91.