{¶ 1} This timely appeal comes for consideration upon the record in the trial court, the parties' briefs, and their oral argument before this court. Plaintiff-Appellant, Joseph Didisse, III, appeals the decision of the Belmont County Court of Common Pleas, Domestic Relations Division, granting a divorce between Joseph and Defendant-Appellee, Cindy Didesse, wherein the trial court divided the parties' marital property and determined spousal support. In seven assignments of error, Joseph has presented us with two issues to resolve, whether the trial court abused its discretion when it divided the couples' marital property and awarded spousal support to Cindy.
 {¶ 2} We conclude the trial court committed reversible error by not including findings of the value of the property. A trial court is required to make findings on the value of the property it is equitably dividing and it did not do so in this case. The trial court's failure to make those findings on the record effectively denies this court the opportunity to review its decision. Further, as marital property must be properly divided before the trial court may consider the issue of spousal support, the trial court's spousal support award is also erroneous. Thus, we reverse the trial court's decision and remand this matter so the trial court may include valuation findings in its division of the marital property and then determine whether it will award spousal support to either of the parties.
 {¶ 3} The facts pertinent to this appeal are brief. Joseph and Cindy were married in 1990 and separated in August 1999. No children were born of this marriage. At the time of their separation, both worked at the Cambridge Developmental Center, a facility operated by the State of Ohio, which entitled them to participate in the state's pension system. Shortly after the couple's separation, Joseph filed a complaint for divorce in the Belmont County Court of Common Pleas. While the divorce was pending, Cindy was seriously injured in an automobile accident. As a result of those injuries, Cindy continues to suffer from an extensive disability and was forced to quit her employment with Cambridge and is now employed at the County Club Retirement Center. A few weeks after the accident, a large collection of expensive tools and equipment belonging to the couple was stolen from the garage at Cindy's residence. Each party believed the other had something to do with the missing equipment. The trial court heard the matter, divided the couple's marital property, and awarded Cindy spousal support.
 {¶ 4} With regard to our standard of review, a trial court's decision when it divided the parties' marital property at the time of the divorce, a trial court is vested with broad discretion when fashioning a division of marital property. Bisker v. Bisker (1994), 69 Ohio St.3d 608,609, 635 N.E.2d 308. Accordingly, the trial court's order will not be overturned unless it abused that discretion. Martin v. Martin (1985),18 Ohio St.3d 292, 294-295, 18 OBR 342, 480 N.E.2d 1112. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140. We cannot substitute our judgment for that of the trial court unless, after considering the totality of the circumstances, we determine the trial court abused its discretion.Holcomb v. Holcomb (1989), 44 Ohio St.3d 128, 131, 541 N.E.2d 597, 599.
 {¶ 5} In this appeal, Joseph raises seven assignments of error. These assignments of error can be merged into two main contentions: 1) the trial court abused its discretion when it divided the parties' marital property and 2) the trial court abused its discretion when it awarded spousal support to Cindy. For analytical purposes, we will address these main contentions in order rather than specifically addressing each of Joseph's assignments of error.
 {¶ 6} When dividing marital property a court must "determine what constitutes marital property and what constitutes separate property. In either case, upon making such a determination, the court shall divide the marital and separate property equitably between the spouses." R.C.3105.171(B). Pursuant to R.C. 3105.171(G), a trial court must indicate the basis for its division of the marital property in sufficient detail to enable a reviewing court to determine whether the award is fair, equitable and in accordance with the law. Kaechele v. Kaechele (1988),35 Ohio St.3d 93, 97, 518 N.E.2d 1197. This requirement only means a trial court must indicate the basis for its decision, not that it explains its reasoning in detail. Davis v. Davis (Dec. 26, 2001), 7th Dist. No. 2000 CO 31, at 5. If a reviewing court cannot determine why the trial court decided as it did, its decision must be reversed and the case remanded for further proceedings. See Heslep v. Heslep (June 14, 2000), 7th Dist. No. 825.
 {¶ 7} When fashioning a division of marital assets, the trial court is obliged to determine what property is marital and what property is non-marital and to assign a value to the marital property. Spychalskiv. Spychalski (1992), 80 Ohio App.3d 10, 15, 608 N.E.2d 802. The trial court must state those valuation findings for all the marital assets on the record so an appellate court can effectively review the overall propriety of the trial court's decision. Eisler v. Eisler (1985),24 Ohio App.3d 151, 152, 24 OBR 230, 493 N.E.2d 975; Willis v. Willis
(1984), 19 Ohio App.3d 45, 48, 19 OBR 112, 482 N.E.2d 1274; Hruby v.Hruby (June 11, 1997), 7th Dist. No. 93-C-9, at 3. The failure to include those findings in the record constitutes reversible error. Id.
 {¶ 8} In this case, we cannot review the propriety of the trial court's decision as the trial court has failed to make valuation findings on the vast majority of the marital property. For instance, the trial court awards the parties' real property to Cindy and divides their personal property, but fails to make valuation findings for any of this property. Accordingly, the trial court abused its discretion when it divided the couple's marital property and this case must be remanded for the trial court to correctly divide the parties' property. Joseph's challenge to the property division is meritorious.
 {¶ 9} Joseph also challenges the propriety of the trial court's decision granting spousal support to Cindy. Pursuant to statute, a trial court may only determine whether it will award spousal support after it has divided the marital property. R.C. 3105.18(B); see Eikleberry v.Eikleberry (Jan. 7, 2002), 7th Dist. No. 00 BA 13, at 3. Because we conclude this case must be remanded for a proper division of the parties' marital property, the trial court must also redetermine whether it will award Cindy spousal support. Accordingly the merits of Joseph's second argument is moot.
 {¶ 10} For the foregoing reasons, we reverse the trial court's decision and remand this case for the trial court to make the statutory valuations, findings and distribution of marital assets and then reconsider the issue of spousal support.
Vukovich, P.J., concurs.
Donofrio, J., concurs.